## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**KENNETH YOUNG,**

    **Plaintiff,**

    **v.**

**CITY OF CHICAGO,**

    **Defendant.**

)
)
)
)
)
)
)
)
)

**00C 4478**

No.

Jury Trial Demanded

JUDGE LEINENWEBER

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

DOCKETED
JUL 2 5 2000

### COMPLAINT

NOW COMES Plaintiff, KENNETH YOUNG, by and through his attorneys, and complains of the CITY OF CHICAGO as follows:

### JURISDICTION

1.    Jurisdiction is based upon 28 U.S.C. §1331, 28 U.S.C. §1343, and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

2.    Plaintiff has complied with all administrative prerequisites by filing a timely charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A. The EEOC has issued to Plaintiff a Notice of Right to Sue, attached hereto as Exhibit B.

### VENUE

3.    This action properly lies in this district pursuant to 28 U.S.C. §1391 because the events giving rise to this claim occurred in this judicial district.

## PARTIES

4.      Plaintiff, KENNETH YOUNG, is a 64 year old male (DOB 5/3/36) who resides in the City of Chicago, State of Illinois. Plaintiff was formerly employed by Defendant, the CITY OF CHICAGO, most recently as a Building Code Enforcement Inspector.

5.      Defendant, the CITY OF CHICAGO, is a municipal corporation that employs in excess of 20 employees on a full time basis, 52 weeks per year and is engaged in a business affecting commerce.

## FACTUAL ALLEGATIONS

### PLAINTIFF'S WORK HISTORY WITH THE CITY OF CHICAGO

6.      Plaintiff was hired by the City of Chicago in or around 1977 and began his career working in the Department of Urban Renewal.

7.      In or around June 1982, Plaintiff was transferred to the Department of Buildings and began work there as a Building Code Enforcement Inspector.

8.      At all times relevant to this Complaint, Plaintiff discharged all duties assigned to him in an excellent manner and repeatedly received salary increases and praise for his work performance.

9.      Plaintiff remained a Building Code Enforcement Inspector for the City of Chicago until February 3, 2000 when he was terminated in violation of the Age Discrimination in Employment Act.

**PLAINTIFF'S REFUSAL TO PARTICIPATE IN AN EARLY RETIREMENT PROGRAM OFFERED BY DEFENDANT AND THE RESULTING NEGATIVE DISCRIMINATORY CONSEQUENCES PLAINTIFF SUFFERED BECAUSE OF THAT REFUSAL**

10.     In or around spring of 1997, Defendant announced that it was going to offer an early retirement plan (hereinafter sometimes referred to as "buy-out") to employees of the Department of Buildings.

11.     The early retirement plan allowed the employee to buy five years pension benefits.

12.     Further, only employees who were 50 years old or older were eligible for the early retirement plan.

13.     Plaintiff was 61 years old at the time, thus a member of this group.

14.     Marshall Horwitz, one of Plaintiff's co-workers, was also a member of the group eligible for the early retirement buyout.  Mr. Horwitz was 56 years old at the time the buy-out was offered.

15.     Liam Gallagher, the Director of the Conservation and Inspection, a unit within the Department of Buildings, who was one of plaintiff's superiors, kept a record of certain employees over the age of 50 who were offered the early retirement package, and which record charted whether or not said employees over the age of 50 were going to accept the early retirement package.

16.     Both Plaintiff and Mr. Horwitz were on that list.

17.     On multiple occasions, Plaintiffs supervisors, including Ed Severns, Liam Gallagher, and Gerry Sullivan made persistent demands of Plaintiff to indicate whether or not he was going to accept the early retirement package and additionally to suggest that it was in his best interests to accept the buy-out proposal.

18.     On each occasion, Plaintiff informed his superiors, including Liam Gallagher, that he would not accept the buy-out proposal because it would adversely affect his retirement and pension benefits.

19.     After informing Defendant of his intention to refuse the buy-out, Plaintiff was subjected to unprecedented scrutiny of performance and discipline for conduct which inspectors not eligible for the buy-out and inspectors who had accepted the buy-out were not subjected to.

20.     On or around June 19, 1997 Defendant launched an extensive inquiry concerning the re-inspection of a certain property conducted by Plaintiff, which culminated in Plaintiff receiving a 90 day suspension on November 17, 1997.

21.     Plaintiff's 90 day suspension was remarkable, in that for nearly 13 years prior to that action Plaintiff had suffered no adverse discipline while employed by Defendant, but rather had been given multiple pay increases.

22.     Additionally, Plaintiff's 90 day suspension was only the second ever such discipline given by Defendant to any employee in any of its departments, and such discipline was grossly disproportionate to other instances of discipline for the same or similar conduct by employees not eligible for the buy-out or by those who accepted the buy-out.

23.     A suspension longer than 29 days results in a break in service and denial of benefits during that break. Defendant had never before suspended any Department of Buildings employee for longer than 29 days until the fall of 1997 when it suspended Plaintiff and Mr. Marshall Horwitz.

4

24. Horwitz, who also refused the buy-out, was suspended for 90 days as well as a result of an alleged occurrence of poor work performance.

25. Prior to serving his suspension, Cheryl Thomas, Commissioner of Buildings had made an offer to Plaintiff that he would receive no discipline if he would accept the early retirement buy-out.

26. Plaintiff refused to accept the early retirement and was required to serve the 90 day suspension for the alleged charges brought against him.

27. Again, Plaintiff's 90 day suspension was remarkable, in that for nearly 13 years prior to that action, Plaintiff had suffered no adverse discipline while employed by Defendant, but rather had been given multiple pay increases.

28. Additionally, the 90 day suspension Plaintiff received was only the second 90 day suspension ever imposed by the Department of Buildings – the first being imposed against Mr. Horwitz – and that such discipline was grossly disproportionate to other instances of discipline for the same or similar conduct by employees who were not eligible for the buy-out or who accepted the buy-out.


**PLAINTIFF'S DENIAL OF CONTRACTED RIGHT TO YEARS OF SERVICE PAY INCREASE**

29. Additionally, during this period, on or around July 3, 1997, Defendant unjustly denied Plaintiff a salary increase which was due him under the longevity provisions of the collective bargaining agreement. Under the terms of the collective bargaining agreement, the longevity increase was mandatory, not discretionary.

30. The longevity increase in pay is directly related to an employee's age, in that an employee's years of service are used to determine the amounts and timing of

increases to be given on the basis of longevity. The more years of service an employee has, the more he will be paid.

31.     Notwithstanding Plaintiff's entitlement to a longevity increase due to his years of service, Defendant refused him the increase on merit-based grounds, alleging that his work performance did not warrant an increase in pay. Defendant continually denied Plaintiff the longevity increases to which he was entitled.

32.     Marshall Horwitz was also denied his longevity increase in or around July 1997, during the same time frame that both Plaintiff and Horwitz were receiving unprecedented and grossly disproportionate suspensions.

### PLAINTIFF'S COMPLAINTS OF AGE DISCRIMINATION AND DEFENDANT'S FURTHER DISCRIMINATION, HARASSMENT OF AND RETALIATION AGAINST PLAINTIFF

33.     On or about May 22, 1998, Plaintiff filed a charge of discrimination with the EEOC, charging that, inter alia, other building inspectors under the age of 40 never received discipline similar to that given to Plaintiff regardless of the disciplinary charges involved, and that the unprecedented suspension was intended to encourage him to accept the buy-out.

34.     In or around fall of 1998, Plaintiff filed at least one formal grievance over the continued denial of a salary increase due to him under the longevity provisions of his collective bargaining agreement. Plaintiff was verbal in his belief that the denial of longevity increases was directed toward older workers upon whom it reaped severe consequences. Indeed, the repeated denials of longevity increases adversely affected the amount of pension benefits to be received by Plaintiff and other older workers.

35.     Plaintiff filed subsequent grievances in relation to the denial of longevity increases in or around late 1998, early 1999.

36.     Mr. Marshall Horwitz also complained of age discrimination both in an EEOC Charge and by filing grievances of his denial of longevity increases.

37.     After having filed a Charge of Discrimination in or around May 1998 and filing multiple grievances regarding the denial of longevity increases between August 1998 through March 1999, Defendant's unlawful discriminatory and retaliatory conduct became more forceful, designed to result in the termination of Plaintiff's employment.

38.     Prior to April of 1999, one of Plaintiff's superiors, Edward Severns, threatened to use under-cover surveillance to get Plaintiff and Horwitz fired.

39.     On or around April 6, 7, and 13, 1999, Severns followed through with his threats against Plaintiff. On those days, Defendant hired investigators to conduct a secret surveillance of Plaintiff; Plaintiff was notified on May 3, 1999, by the Defendant that in fact it was conducting an investigation of Plaintiff's activities, but the notice did not provide any details of the investigation.

40.     Plaintiff thereafter, on May 5, 1999, filed a second charge of discrimination with the EEOC, charging that Defendant had harassed him, denied him raises and promotions because of his age and because he had filed a previous charge of discrimination.

41.     Plaintiff received a Notice of Right to Sue letter from the EEOC on or about August 30, 1999, which notice granted him the right to commence a lawsuit within 90 days of his receipt thereof.

42.     Shortly thereafter, on January 20, 2000, Plaintiff was given a statement of charges against him and a pre-disciplinary hearing was held as a result of the secret surveillance that took place nine months earlier.

43.     On February 3, 2000 Defendant terminated Plaintiff's employment because of those charges.

### DEFENDANT'S CONDUCT WAS SYSTEMATIC AND PERVASIVE AND DEFENDANT, AT ALL TIMES, MAINTAINED A CUSTOM AND POLICY OF DISCRIMINATION AGAINST EMPLOYEES ON THE BASIS OF AGE

44.     Defendant engaged in a pattern and practice of age discrimination against Plaintiff and all other older workers.  Moreover, Defendant has a custom and policy of discriminating against older employees.

45.     Additionally, Defendant failed to promulgate policies to prevent age discrimination in employment, but instead implemented policies that promoted age discrimination in employment.

### COUNT I

### AGE DISCRIMINATION IN VIOLATION OF ADEA

46.     Plaintiff realleges paragraphs 1 through 45 and incorporates them as paragraphs 1 through 45 of Count I of this Complaint.

47.     The Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq., makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of age.

48.     Plaintiff was treated disparately on the basis of his age and was at all times treated less favorably than similarly situated younger individuals who were not eligible for the buy-out and treated less favorably than employees over 40 years of age who did exercise their option to accept the buy-out.

49.     By its conduct as alleged herein, Defendant subjected Plaintiff to age discrimination in violation of the Age Discrimination in Employment Act.

50.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from age discrimination.

51.     Plaintiff demands trial by jury.


## COUNT II

### RETALIATION IN VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT

52.     Plaintiff realleges paragraphs 1 through 51 and incorporates them as paragraphs 1 through 51 of Count II of this Complaint.

53.     The Age Discrimination in Employment Act, specifically 29 U.S.C. §623(d), makes it unlawful for an employer to discriminate and/or retaliate against any employee who has opposed an unlawful employment practice under the Act.

54.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for asserting his rights under the Age Discrimination in Employment Act, in further violation of the Act.

55.     Defendant' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

56.     Plaintiff demands trial by jury.

9

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against Defendant as follows:

     a.    Declare that Defendant's conduct constitutes unlawful age discrimination in violation of the Age Discrimination in Employment Act;

     b.    Declare that Defendant's conduct constitutes unlawful retaliation in violation of the Age Discrimination in Employment Act;

     c.    Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

     d.    Award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

     e.    Award Plaintiff reasonable attorney's fees, costs and disbursements; and

     f.    Award Plaintiff any and all other relief as is appropriate and just.

Respectfully submitted,

By: _____
Counsel for Plaintiff

*John P. Madden*
*Attorney & Counselor at Law*
**111 W. Washington St.**
**Suite 1815**
**Chicago, Illinois 60602**
**312.629.0084**

10

# Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 210 A 0225 9 |

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Kenneth Young | 773-878-5383 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5139 N. Claremont | | 5/3/36 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| City of Chicago | Over 100 | 312-744-3400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 121 N. LaSalle St., Room 900 | Chicago Illinois 60602 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ AGE
☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| | 2/3/00 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Attached.

⟶

[illegible stamp] 13 2000

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Date 3/9/00     [signature] Charging Party (Signature)

EEOC FORM 5 (Test 10/94)

Complainant, Kenneth Young, began his employment with Respondent, the City of Chicago, in or around 1977 with the Department of Human Services. Complainant then became a Building inspector in or around 1982. Throughout his employment, Complainant discharged all of his duties competently and had an excellent work ethic and performance. Notwithstanding his excellent work performance, Complainant was subjected to discrimination and harassment on the basis of his age, and after having filed a Charge of Discrimination with the EEOC, he was then terminated on or around February 3, 2000.

Complainant is a 63 year old male who worked for Respondent for approximately 23 years. In or around spring of 1997, Respondent announced that it would be offering an early retirement package to its workers over 50 years old and urged eligible employees to accept the package. In fact, Complainant was repeatedly harassed by his superiors about whether he was going to accept the package. When Complainant refused the package, he began to suffer age discrimination and retaliation in the workplace, as outlined in a previous Charge of Discrimination. Specifically, Complainant was denied raises, promotions and longevity increases, and Complainant became the target of a sham investigation lodged against him for no other purpose than to discriminate on the basis of age and retaliate against him for complaining about it.

After refusing the early retirement package and being discriminated against, Complainant repeatedly complained to Respondent about age discrimination and retaliation. Complainant also filed many grievances regarding the denial of his longevity pay which he believed to be discriminatory, as the longevity increase is directly related to years of service, and therefore, age. On or around May 6, 1999, Complainant filed a Charge of Discrimination with the EEOC alleging, *inter alia*, age discrimination and retaliation. Complainant then continued to complain about the discrimination and retaliation he was suffering. On February 3, 2000, Complainant was terminated because of age discrimination and in retaliation for having filed an EEOC Charge and in retaliation for his complaints of age discrimination in the workplace. Respondent's reason for the discharge is pretextual in that Respondent alleged that Complainant was terminated for alleged misconduct and poor work performance that allegedly occurred ten months earlier in April 1999.

Respondent's discriminatory, harassing, and retaliatory treatment of Complainant is in direct violation of the Age Discrimination in Employment Act. As a result of Respondent's behavior, Complainant has suffered lost wages, benefits, severe emotional distress, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

# Exhibit B

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

| To: | Kenneth Young<br>5139 N. Claremont<br>Chicago, Illinois 60640 | From: | Equal Employment Opportunity Commission<br>500 West Madison<br>Suite 2800<br>Chicago, Illinois 60661 |
|---|---|---|---|

Z 178 920 621

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (C.F.R. 1601.7(a))*

| Charge Number<br>210A02259 | EEOC Representative<br>Roosevelt Witherspoon, Investigator | Telephone Number<br>(312) 886-9839 |
|---|---|---|

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

☐ More than 180 days have expired since the filing of this charge.

☒ Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

☒ With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

☐ It has been determined that the Commission will continue to investigate your charge.

☒ **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until 90 days after you received notice that EEOC has completed action on your charge.

 ☒ **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

 ☐ **EEOC is continuing its investigation.** You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

☐ **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

*April 24 2000*
(Date)

*John P. Rowe*
John P. Rowe, District Director

Enclosures
 Information Sheet
 Copy of Charge

cc: Respondent(s)    City of Chicago

EEOC Form 161-B (Test 10/94)

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
KENNETH YOUNG
JUDGE LEINENWEBER

## DEFENDANTS
CITY OF CHICAGO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

Cat. II

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JOHN P. MADDEN
111 W. WASHINGTON ST.
SUITE 1815
CHICAGO, IL 60602   312.629.0084

ATTORNEYS (IF KNOWN)

00C 4478

FILED JUL 24 PM 4: 08
CLERK DISTRICT COURT

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Age Discrimination in Employment Act, discrimination & retaliation
29 USC § 621 et seq.

JUL 25 2000

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Food & Drug
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☒ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC (405(g))
☐ 863 DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
☐ 530 Habeas Corpus
☐ 540 Mandamus & Other
☐ 550 Civil Rights

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. REMARKS
In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE 7.24.00
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**00C 4478**

In the Matter of

*Kenneth Young*

v.

*City of Chicago*

Case Number:

FILED ED5
00 JUL 24 PM 4: 18
CLERK
U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR

*KENNETH YOUNG*

JUDGE LEINENWEBER

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

DOCKETED
JUL 25 2000

| (A) | (B) |
|---|---|
| **SIGNATURE** *John P. Madden* | **SIGNATURE** |
| **NAME** John P. Madden | **NAME** |
| **FIRM** | **FIRM** |
| **STREET ADDRESS** 111 W. Washington St., Ste 1815 | **STREET ADDRESS** |
| **CITY/STATE/ZIP** Chicago, IL 60602 | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** 312-629-0084 | **TELEPHONE NUMBER** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6243400 | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☐ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** | **NAME** |
| **FIRM** | **FIRM** |
| **STREET ADDRESS** | **STREET ADDRESS** |
| **CITY/STATE/ZIP** | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** | **TELEPHONE NUMBER** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☐ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |

1-3