# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4478 | **DATE** | 9/23/2002 |
| **CASE TITLE** | Kenneth Young vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant City of Chicago's Bill of Costs is GRANTED IN PART. The Defendant is awarded total costs of $1,295.40 as follows: (1) $1,047.00 in deposition transcript fees; (2) $18.00 for transcripts of court proceedings and (3) $230.40 copying fees.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 24 2002 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| ✓ | Docketing to mail notices | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 23 2002
Judge Harry D. Leinenweber
U.S. District Court

KENNETH YOUNG,

        Plaintiff,

v.

CITY OF CHICAGO,

        Defendant.

Case No. 00 C 4478

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Petition for Costs which it timely filed after the Court granted summary judgment in favor of the City of Chicago ("Chicago"). Chicago requests that Plaintiff be taxed the amount of $1,893.10 in costs pursuant to 28 U.S.C. § 1920; FED. R. CIV. P. 54(d); and Local Rule 54.1. The Plaintiff raises no objections to the items claimed in Chicago's Bill of Costs.

### DISCUSSION

FED. R. CIV. P. 54 (d) provides "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The costs explicitly allowed by § 1920 are:

26

(1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Coyne-Delany Co., Inc. v. Capital Development Bd.*, 717 F.2d 219, 222 (7th Cir. 1988). However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). This court must review a prevailing party's bill of costs in scrupulous detail. As the Supreme Court has explained, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Thus, Chicago is entitled to recover costs only if (1) the expenses are allowed under § 1920, and (2) the expenses are reasonable, both in amount and necessity to the litigation. *Deimer*, 58 F.3d at 345.

Chicago seeks recovery for the following in its Bill of Costs: (1) $1,414.50 for deposition transcripts; (2) $18.00 for transcripts of court proceedings; and (3) $460.60 for photocopying

of 2,304 pages of documents to plaintiff's counsel and/or the court. The court will review each of the claims costs in turn.

### *Deposition Transcripts Fees*

Chicago requests that Plaintiff be taxed $1,414.50 for transcript deposition fees of proceedings and depositions obtained for use in the case.

The court will only grant what has been designated by the Judicial Conference for allowable charges. VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL Ch. 20, pt. 20.8 (1988)("Court Reporters Manual"). *See also, Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)(holding that Judicial Conference rates apply to deposition charges by private stenographer as well as court reporters). Therefore, the copy rate established by the Judicial Conference for regular original deposition transcripts is $3.00 per page. This fee covers *all* costs of transcript production. *Id.* The copy rate established by the Judicial Conference for regular copies is $0.75 per page. Additionally, the maximum per-page rate for condensed copies of a transcript is the same as that for a full-sized transcript. Furthermore, charges for ASCII diskettes of depositions transcripts or e-transcripts, which are merely for the attorney's convenience and not necessary to litigating the case, are not allowed. *Jones v. Bd. of Trustees of Community College*

*Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000). For instances where the invoice lists no total number of pages transcribed, the court cannot determine if the charges are within the Judicial Conference guidelines, thus they are denied. Moreover, courier and Federal Express charges incurred in the course of litigation are generally disallowed, in view of the fact that "such expenses are generally considered overhead, or part of the cost of operating a law firm." *See Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994).

Chicago requests a total of $546.00, plus $192.50 for the attendance fee of the stenographer for Young's first deposition. Chicago also asks for a total of $501.00, plus $175.00 for the attendance fee of the stenographer for Young's second deposition.

While depositions and copies of such transcripts are allowable under § 1920, the designated Judicial Conference fees outline all total costs, including stenography attendance fees. Therefore, the court finds that Chicago is allowed to tax only $1,047.00 for deposition costs.

### *Transcript Fees*

Chicago requests recovery of $18.00 for transcripts of court proceedings. As stated above, such fees are taxable, therefore Chicago is allowed to tax $18.00 for transcriptions of court proceedings.

### *Copying Fees*

Chicago requests recovery of $460.60 for 2,304 various pages that were copied by Chicago at $0.20 per page.

The Chicago is entitled to recover the costs necessary for making necessary copies of necessary documents. Extra copies of filed papers are not necessary. They are for the convenience of the attorneys, and so the cost of extra copies is not taxable. *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). The Seventh Circuit has clearly stated that charges for in-house reproduction may not exceed the charges of an outside print shop. *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991). The Court notes that local print shops charge $0.09 to $0.10 per page for standard photocopying and finds that $0.10 per page is a reasonable charge for both in-house and external copying.

Copying documents for production in discovery is clearly necessary and recoverable. For documents filed with the court, only copies for the court and one copy for opposing counsel are necessary. The cost of additional copies made for the convenience of counsel is not recoverable. Discovery requests and responses of original documents and copying costs for these items are not taxable.

The court will grant Chicago costs at $0.10, as opposed to the listed $0.20, of the listed 2,304 pages. Chicago is allowed to recover $230.40 for copying.

### CONCLUSION

Based on the standards and computations set forth above, Defendant City of Chicago's Bill of Costs is GRANTED IN PART. The Defendant is awarded total costs of $1,295.40 as follows: (1) $1,047.00 in deposition transcript fees; (2) $18.00 for transcripts of court proceedings; and (3) $230.40 copying fees.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: September 23, 2002